UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GREGORY W. SUMMERS,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.

No. 2:12-CV-00533-JTR

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment. ECF No. 19, 20. Attorney Maureen J. Rosette represents Gregory W. Summers, (Plaintiff); Special Assistant United States Attorney Richard M. Rodriguez represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

**JURISDICTION**

On March 20, 2009, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning April 12, 2008.[1] Tr. 48. Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 25; 91-129. A

---

[1] At the hearing, Plaintiff amended his onset date to April 12, 2008. Tr. 48.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

hearing was held on June 9, 2010, at which medical expert Daniel H. Wiseman, vocational expert Thomas A. Polsin, and Plaintiff, who appeared *pro se*, testified. Tr. 39-90. ALJ Marie Palachuk presided. Tr. 41. The ALJ denied benefits on July 30, 2010. Tr. 25-33. The Appeals Council denied review. Tr. 1-3. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 45 years old, graduated from high school and he lived alone in Spokane, Washington. Tr. 63; 65. Plaintiff was 5'11" and weighed between 205 and 218 pounds. Tr. 76.

Plaintiff's past jobs involved custodial work. Tr. 64. He worked in office buildings where he cleaned offices and restrooms, and he performed tasks such as vacuuming and emptying garbage cans. Tr. 64.

Plaintiff testified that he can no longer work because his breathing is "severely affected" and he is no longer able to be active. Tr. 69. On his disability application, Plaintiff stated that he could not work due to asthma, environmental allergies and lung problems. Tr. 181. He explained that "the chemicals burn my lungs. My lungs hurt and they seize up when I get exposed to certain items. I am allergic to dust." Tr. 181.

Plaintiff testified that can he walk only about two blocks before he is out of breath or has a "dizzy spell." Tr. 71. He said that cigarettes, perfumes and car exhaust bother him, and he tested positive for allergies to pollens, molds, grass and dust. Tr. 73-74. Finally, Plaintiff said he cannot afford the recommended surgery on his sinuses, and as a result he has "constant infections." Tr. 75.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of

benefits is reviewed de novo. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3

for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ADMINISTRATIVE DECISION

At step one, ALJ Palachuk found that Plaintiff had not engaged in substantial gainful activity since April 12, 2008.  Tr. 27.  At step two, she found Plaintiff had the severe impairments of nasal/bronchial/skin allergies, recurrent sinusitis, and current asthma-like symptoms.  Tr. 27.  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 28.  The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following limitations: "The claimant should avoid concentrated exposure to extreme temperatures, wetness, humidity, and hazards such as unprotected heights and machinery.  The claimant should not use ladders, ropes, or scaffolds.  The claimant should avoid even moderate exposure to respiratory irritants such as dust, odors, fumes, and chemicals."  Tr. 28.  At step

four, the ALJ found that Plaintiff could not perform past relevant work as a commercial cleaner. Tr. 32. At step five, the ALJ concluded that considering Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform, such as small parts assembler, mail room clerk, and hand packager. Tr. 32-33. The ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. Tr. 33.

## ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred by improperly weighing the medical evidence. ECF No. 19.

## DISCUSSION

**A.     Medical Opinions**

Plaintiff contends that the ALJ erred by giving little weight to Plaintiff's treating physician's opinion that he was disabled. ECF No. 19 at 7-10. Plaintiff also alleges that the ALJ improperly weighed the opinions of non-examining, testifying physician Daniel H. Wiseman. ECF No. 19 at 11.

Because treating physicians are employed to cure and, thus, have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Sprague,* 812 F.2d at 1230. An ALJ may not reject a treating physician's opinion without providing findings that set forth "specific, legitimate reasons" based upon "substantial evidence in the record." *Smolen,* 80 F.3d at 1285; *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), citing

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 5

...

*Magallanes*, 881 F.2d at 752; *see also Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1999) ("The nonexamining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician.").

Peter D. Rinaldi, M.D., was Plaintiff's treating physician beginning in 1993. Tr. 338. Dr. Rinaldi penned a note on June 12, 2009, that stated Plaintiff was disabled due to his allergies: "This young man is on maximum medical therapy for chronic persistent asthma and perennial allergic rhinitis. Clinically, he is totally disabled [because] of his persistent symptoms of chest tightness, cough, wheezing, [headaches], sneezing, and nasal congestion." Tr. 323.

On April 26, 2010, Dr. Rinaldi wrote a letter stating that Plaintiff's diagnosis is "severe persistent steroid dependent asthma and chronic allergic rhinitis." Tr. 355. Dr. Rinaldi opined that Plaintiff's employability was poor:

> In spite of his compliance with his multiple medical therapies the severity of his ongoing respiratory symptoms has a negative impact on his employability and due to the failure of all current medical therapies I think his prognosis for recovery sufficient enough to improve his employability [sic] is poor.

Tr. 355.

On June 1, 2010, Dr. Rinaldi wrote a letter indicating that Plaintiff was on "maximal medical therapy for his asthma" and he suffered from "considerable functional impairment." Tr. 387.

The ALJ gave little weight to the opinions of treating physician Dr. Rinaldi with a brief explanation:

> The opinions of Dr. Rinaldi are given little weight as they are not consistent with the objective medical evidence. The doctor's opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive. The possibility

always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality which should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient[']s requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case.

Tr. 31.

Two fatal problems exist with the ALJ's analysis of Plaintiff's treating physician. First, the ALJ failed to provide analysis and failed to identify the evidence that contradicts Dr. Rinaldi's opinions. It is insufficient for an ALJ to reject the opinion of a treating physician by merely stating, without more, that the opinion is inconsistent with other evidence in the record. *See Embrey v. Bowen,* 849 F.2d 418, 421 (9th Cir. 1988). Inconsistency between doctors' opinions does not allow the ALJ to simply select one opinion based solely on the fact that an inconsistency exists, but instead the ALJ must address, explain and resolve the conflicting evidence by assigning weight to differing opinions based on cogent, specific, and legitimate reasons. *Morgan*, 169 F.3d at 603; *Reddick v. Chater*, 157 F.3d 715, 722, 725 (9th Cir. 1998). In this case, the ALJ failed to provide analysis and explanation, supporting her reasoning for rejecting Dr. Rinaldi's opinion. Tr. 31. In the absence of specific and legitimate reasons accompanied by analysis that explains and resolves the conflicting medical evidence, the ALJ's rejection of Dr. Rinaldi's opinion is improper.

Second, the ALJ relied upon a legally deficient reason for rejecting Dr. Rinaldi's opinion. It is well-settled that an ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits." *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (citation omitted). To support such a finding, the ALJ should "introduce evidence of actual improprieties." *Id*. (citation

omitted).  Here, the ALJ points to no evidence of actual impropriety on the part of Dr. Rinaldi, and instead noted that "it is difficult to confirm the presence of such motives." Tr. 31; s*ee Lester*, 81 F.3d at 832 (ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits"); *Reddick,* 157 F.3d at 725-26 (ALJ erred in assuming that the treating physician's opinion was less credible because his job was to be supportive of the patient).

In this case, the record contains no evidence that Dr. Rinaldi embellished his assessments of Plaintiff's limitations to assist him with his benefits claim.  Thus, the ALJ's rejection of Dr. Rinaldi's opinion on the basis that his opinion was based upon sympathy instead of sound medical judgment was improper.

**B.	Remand**

Remand is appropriate when, like here, a decision does not adequately explain how a conclusion was reached, "[a]nd that is so even if [the ALJ] can offer proper post hoc explanations for such unexplained conclusions," for "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Barbato v. Comm'r of Soc. Sec.*, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) (citations omitted).  The court notes, however, that it is not suggesting that the ALJ's ultimate conclusions were necessarily incorrect -- only that the decision was conclusory and failed to provide reasons for rejecting, or even accepting, certain opinions.  It is the province of the ALJ, not the Court, to assess the medical evidence.  The Court cannot affirm the ALJ's conclusions on grounds that were not invoked by the ALJ.  *Ceguerra v. Secretary of HHS*, 933 F.2d 735, 738 (9th Cir. 1991).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is based on legal error, and requires remand.  On remand, the ALJ is directed to reevaluate Dr. Rinaldi's opinion, and, if necessary, provide legally sufficient reasons for rejecting his opinions, as well as legally sufficient reasons

supporting the weight accorded to the other medical source and lay opinions.  The decision is therefore **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.  Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 19,** is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 20,** is **DENIED**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff, and the file shall be CLOSED.

DATED January 13, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 9